IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ESTHER BARON, next friend of | ) | |
| BRIAN BRAVO, natural son of | ) | |
| Juan Bravo Ramos, deceased, | ) | |
| and | ) | |
| ESTHER BARON, next friend of | ) | |
| KAYTLAN ALYSSA BRAVO, natural | ) | |
| daughter of Juan Bravo-Ramos, deceased, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-1149-CV-W-DGK |
| | ) | |
| FORD MOTOR COMPANY, BRIDGESTONE | ) | |
| AMERICAS TIRE OPERATIONS, LLC, | ) | |
| BRIDGESTONE AMERICAS, INC., DICK | ) | |
| SMITH FORD, INC., and, | ) | |
| AUTOMOTIVE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO REMAND

This case arises from an automobile wreck on June 19, 2008 that killed Juan Bravo Ramos. Pending before the Court is Plaintiff Esther Baron's "Motion to Remand" (Doc. 9), Defendant Ford Motor Company's "Response to Plaintiff's Motion to Remand" (Doc. 13), Defendants Bridgestone Americas Tire Operations, LLC and Bridgestone Americas, Inc.'s "Suggestions in Opposition to Plaintiff's Motion to Remand" (Doc. 14), and Plaintiff's "Reply" (Doc. 17). Also before the Court is Defendants Dick Smith Ford, Inc., and Dick Smith Automotive, LLC's "Motion to Dismiss" (Doc. 2), Plaintiff's "Suggestions in Opposition" (Doc. 11), and Defendants' "Reply" (Doc. 15). Having fully reviewed these motions, the Court grants Plaintiff's motion to remand. Defendants' motion to dismiss is thereby denied.

1

**Background**

On June 19, 2008, Juan Bravo Ramos ("Ramos") was driving his 2005 Ford Explorer north on Interstate Highway 35 in Clay County, Missouri. As Ramos was driving, Plaintiff alleges that the Explorer's left rear tire experienced tread separation, leading Ramos to lose control of the vehicle, slide off the highway, overturn, and collide with a tree. As a result of the accident, Ramos suffered severe head injuries and died at the scene of the wreck.

On June 9, 2011, Plaintiff filed a Petition for Wrongful Death in the Circuit Court of Clay County, Missouri, against Defendants Ford Motor Company ("Ford"); Bridgestone Americas Tire Operations, LLC, Bridgestone Americas, Inc. (referred to collectively as "Bridgestone"); Dick Smith Ford, Inc., and Dick Smith Automotive, LLC (referred to collectively as the "Dick Smith Defendants"). Plaintiff asserted claims against Ford and the Dick Smith Defendants for strict products liability and negligence relating to the design and manufacture of the Explorer.

Ford removed this case to federal court on November 15, 2011 based on diversity of citizenship, arguing that the Dick Smith Defendants were fraudulently joined, and accordingly, should not be considered for purposes of determining diversity jurisdiction (Doc. 1). Plaintiff contests this allegation, arguing that all Defendants are properly before the Court and that the case should be remanded for lack of diversity jurisdiction.

For purposes of diversity, Brian Bravo, natural son of the decedent, and Kaytlan Alyssa Bravo, natural daughter of the decedent, are citizens of Illinois.[1] Ford is, and at the time of this filing was, incorporated in Delaware, having its principal place of business in Michigan. It is,

---

[1] It is the citizenship of the minor for whom a suit is brought by a next friend that is relevant for purposes of determining diversity. *Curry v. Maxson*, 318 F. Supp. 842, 844 (W.D. Mo. 1970). Here, both Brian and Kaytlan Bravo lived with their mother in Illinois at the time of the filing of this action. Therefore, they are citizens of Illinois. *Id*.

therefore, a citizen of Michigan and Delaware. Bridgestone Americas Tire Operations, LLC and Bridgestone Americas, Inc. are similarly incorporated in Delaware, with their principal place of business in Tennessee. They are, therefore, citizens of Delaware and Tennessee. Dick Smith Ford, Inc., and Dick Smith Automotive, LLC, are both Missouri corporations with their principal places of business in Missouri. They are Missouri citizens.

**Standard**

An action may be removed by the defendant where the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction is on the party seeking removal. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). In considering a motion to remand, removal statutes are strictly construed, and the court resolves all doubts in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

The issue before the Court is whether Plaintiff fraudulently joined the Dick Smith Defendants to the lawsuit in order to defeat diversity jurisdiction, consequently thwarting removal. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)). "When a court is assessing whether diversity jurisdiction exists over a particular case, it may ignore the citizenship of parties fraudulently joined." *Moss v. Defender Serv., Inc.,* No. 1:08-CV-88 CAS, 2009 WL 90136, at *2 (E.D. Mo. Jan. 14, 2009), citing *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983); 28 U.S.C. § 1441(b). Therefore, if Plaintiff

3

fraudulently joined the Dick Smith Defendants, the Court will ignore their citizenship for the purposes of assessing diversity for removal.

## Discussion

Plaintiff asserts her claims for products liability against the Dick Smith Defendants based on Missouri Revised Statute § 537.760, which provides that:

1) The defendant, wherever situated in the chain of commerce, transferred a product in the course of his business; and
2) The product was used in a manner reasonably anticipated; and
3) Either or both of the following:
    a) The product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or
    b) The product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without an adequate warning.

Defendants do not contest that Missouri law imposes liability on sellers in the stream of commerce under RSMo § 537.760. Defendants argue, however, that Plaintiff cannot maintain this cause of action against the Dick Smith Defendants because Plaintiff's claims are subject to dismissal under Missouri's Innocent Seller statute, RSMo § 537.762, which provides that "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section." Mo. Rev. Stat. § 537.762(1). The statute further provides that "[t]his section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." Mo. Rev. Stat. § 537.762(2). Interpreting this statute, the Missouri Supreme Court held that:

> To the extent that a plaintiff can otherwise obtain "total recovery," all liability of a downstream seller, who would otherwise be jointly and severally liable to plaintiff for damages and subject to contribution from the other defendants, is shifted to upstream defendants, including the manufacturer.

4

*Gramex Corp v. Green Supply, Inc.*, 89 S.W.3d 432, 445 (Mo. banc 2002). Because Ford is properly before this Court and can satisfy the entirety of Plaintiff's claim, Ford argues that the Dick Smith Defendants must be dismissed.

The parties spend extensive time litigating whether the Innocent Seller statue applies in this case. Much of their disagreement stems from whether, given this statute, Plaintiff can prove that "there is arguably a reasonable basis for predicting that [Missouri law] might impose liability" upon the Dick Smith Defendants. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968 (8th Cir. 2011). Plaintiff argues that the Innocent Seller statute is only a *possible* defense to its claims against the Dick Smith Defendants, and, therefore, does not conclusively prove that Plaintiff has no basis upon which to proceed. *See Callaway v. Ford Motor Company and Metro Ford, Inc.*, No. 03-0998-CV-W-ODS (W.D. Mo. Dec. 23, 2003). Plaintiff also argues that Defendants cannot prove that Plaintiff will be able to obtain "total recovery" from upstream Defendant, Ford Motor Company, as required by statute, because there is the possibility that Ford will go bankrupt and be unable to satisfy Plaintiff's judgment. Defendant, however, argues that dismissal of the Dick Smith Defendants is automatic because the Missouri Supreme Court has held that the Innocent Seller statute is a "substantive, rather than a procedural device, and therefore this statute is applicable in federal court." *See Gramex*, 89 S.W.3d 432.

As a preliminary matter, the Court notes that federal courts sitting in diversity must apply state substantive law and federal procedural law. 28 U.S.C. § 1652; *Erie Railroad Co. v.. Tompkins,* 304 U.S. 64 (1938). As such, this Court must apply the substantive law set forth by the Missouri Supreme Court and its own procedural law. Based on the *Gramex* decision, the Court agrees with Defendants that Section 537.762(2) of Missouri's Innocent Seller statute is

5

substantive, and, therefore applicable in federal court under the *Erie* doctrine. However, the Court need not reach the issue of whether the Innocent Seller statue requires dismissal of the Dick Smith Defendants in this particular case. Even if the Innocent Seller statute were to apply as Defendants advocate, this Court should still remand the case to state court based on another provision of the Innocent Seller statute that provides that:

> "No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes."

Mo. Rev. Stat. § 537.762(6).

Defendants argue that Section 537.762(6) imposes a procedural requirement, and is thus inapplicable in federal court. Specifically, Defendants maintain that there are only two substantive provisions of the Innocent Seller statute, Sections 537.762(1) and 537.762(2), and that as such, a federal court must apply only those provisions to a case before it. In support of its position, Ford offers opinions from various Judges in the Eastern and Western Districts of Missouri finding that there are only two substantive provisions of § 537.762. *See Wichmann v. Proctor & Gamble Mfg. Co.*, No. 4:06CV1457 HEA, 2006 WL 3626904 (E.D. Mo. Dec. 11, 2006); *Carleton v. R.J. Reynolds Tobacco Co.*, No. 4:06-CV-395-GAF (W.D. Mo. Nov. 20, 2006); *Thomas v. Brown & Williamson Tobacco Corp.*, No. 06-0223-CV-W-SOW, 2006 WL 1194873 (W.D. Mo. April 28, 2006); *Spears v. Bayer Corp.*, No. 03-1151-CV-W-GAF, at *5 (W.D. Mo. Mar. 29, 2004).

The Court, however, does not find these cases controlling. First, none of the cases cited by Defendants discuss Section 573.762(6) of Missouri's Innocent Seller statute. While some of the cases note that only two provisions of the Innocent Seller Statute are substantive and the rest

6

are procedural, in making these assertions, the cases cite to Sections 573.762(3) and 573.762(4), which are sections detailing when a defendant may move for dismissal under the statute and how long a party has to conduct discovery. The cases do not specifically reference Section 537.762(6) of the statute. Most significantly, these opinions were issued before the Eighth Circuit's ruling in *Block v. Toyota Motor Corp.*, where the Eighth Circuit specifically addressed the applicability of Section 537.762(6). 2011 WL 6306689 (8th Cir. Dec. 19, 2011). Although *Block* concerned a claim regarding the fraudulent joinder of a Minnesota dealership under Minnesota's "seller's exception statute," the case provides guidance on the Eighth Circuit's interpretation of Missouri's Innocent Seller statue. In finding that the dealership in *Block* was fraudulently joined and in denying remand, the Eighth Circuit clearly stated that Missouri's Innocent Seller's statue was dissimilar, and that under it, the seller remains a party for jurisdictional purposes. *Id*. at *4.

In *Block*, for example, the plaintiff argued that because dismissal under the Minnesota statute could be set aside at any time, the dismissed dealership remained "functionally a party." *Id*. at *3. The Eighth Circuit disagreed, stating that "[i]n contrast [to Missouri's statute], the dismissed seller defendant does not remain a party under the Minnesota statute." *Id*. at *4. The Eighth Circuit went on to note that "[t]he Missouri statute Block refers to is dissimilar, for it provides that a defendant dismissed under it remains a party for jurisdiction purposes" thereby suggesting that Section 537.762(6) may be substantive, not procedural in nature. *Id*.

Despite this language, Defendant Ford still attempts to avoid the application of this provision of Missouri's Innocent Seller statute, arguing that it is procedural in nature. While the Eighth Circuit did not explicitly state that Section 537.762(6) of Missouri's Innocent Seller statue is substantive such that it applies in federal court, it did contrast the Missouri and

7

Minnesota statutes, implying that the outcome would be different under Missouri law. *Id*. at *4 ("In contrast, the dismissed seller defendant does not remain a party under the Minnesota statute."). Accordingly, until further clarification by the Eighth Circuit, the Court cannot conclude that Section 537.762(6) of Missouri's Innocent Seller statue is procedural and should not be applied in federal court. Resolving all doubts in favor of remand, the Court grants Plaintiff's motion.[2]

## Conclusion

The burden of establishing federal jurisdiction is on the party seeking removal. For the reasons discussed above the Court finds the Defendants have not carried this burden, therefore Plaintiff's "Motion to Remand" (Doc. 9) is GRANTED. Defendants Dick Smith Ford, Inc. and Dick Smith Automotive LLC's "Motion to Dismiss" (Doc. 2) is DENIED. The case is hereby remanded to the Circuit Court of Clay County, Missouri.

**IT IS SO ORDERED.**

Dated: May 23, 2012                                           /s/ Greg Kays
                                                              GREG KAYS
                                                              UNITED STATES DISTRICT JUDGE

---

[2] Even if the Eighth Circuit did not intend for the *Block* decision to hold that Section 537.762(6) is substantive such that it applies in federal court, the *Block* decision would still mandate remand in this case. Because the Eighth Circuit found that under the Missouri statute, the innocent seller "remains functionally a party, susceptible of reinstatement at any time before judgment," dismissal under Section 537.762 would always be provisional such that the statute would not be a basis for finding fraudulent joinder. *Block*, 2011 WL 6306689, at *3.